SMITH, C. J., and FALL, LAUGHLIN, and FREEMAN, JJ., concur.

---

[No. 563.    September 4, 1894.]

TERRITORY OF NEW MEXICO EX REL. NESTOR P. EATON, PLAINTIFF IN ERROR, v. ERNEST L. BROWNE, DEFENDANT IN ERROR.

MANDAMUS—REVIEW—RECORD.—The refusal of a peremptory writ of mandamus on an alternative writ and answer may be reviewed on appeal or error, where the petition and matter on which it is based are in terms made a part of the writ, though no motion for new trial has been made in the court below, and no bill of exceptions filed. Following decision in Perez v. Barber on rehearing, not filed, reversing former opinion, page 223, ante.

ID.—WARRANTS ON COURT FUND, REQUISITES OF.—Under chapter 61, Laws, 1893, the court fund therein provided for is a particular fund of the county out of which the assessor and collector are entitled to commissions for the assessment and collection of the same, to be paid upon warrants drawn thereon by the board of county commissioners, specifying upon what account the indebtedness accrued, and the fund from which it is to be paid, the balance of said fund to be distributed upon warrants drawn by the district clerk by order of the judge; and, where a warrant of the commissioners drawn in favor of the assessor does not show on its face upon what account the indebtedness to him arose, the county treasurer may properly refuse to pay such warrant, and a peremptory writ to compel him to do so was properly denied.

ERROR, from a judgment in favor of defendant, to the Fifth Judicial District Court, Socorro County. Judgment affirmed.

The facts are stated in the opinion of the court.

W. J. EATON for plaintiff in error.

The warrant was issued on account of assessment of 1893, payable "out of any money in the treasury to the credit of the court fund." This language is plain and unmistakable. Halstead v. Com'rs, etc., 56 Ind. 363; McConnell v. Baker, 29 Barb. 81; Tuckers v. City of Virginia, 2 Am. Corp. Cases, 599; Merrimac v. Moody's Ex'r, Id. 283; Hornblower v. Duden, Id. 86; Mills v. Gleason, 11 Wis. 493.

As to the power of subordinate officers to scrutinize the acts of commissioners or other officers authorized by law to issue warrants or audit accounts, see Perez v. Barber, 7 N. M. 223.

There were no questions of fact before the court below in this case, and, where no such questions are involved, there is no necessity for a motion for new trial. Am. and Eng. Encyclopedia Law, 501, et seq.

J. G. FITCH for defendant in error.

The record in this case presents no question which this court can review. There is no evidence, no findings of fact or law, by the court below, no exceptions, and no motion for new trial. Perez v. Barber, 7 N. M. 223.

The necessity of a motion for new trial has been repeatedly affirmed by this court. Spiegelberg v. Mink, 1 N. M. 308; Rosenthal v. Chisum, 1 N. M. 633; Territory v. Anderson, 4 N. M. 228.

As there is no bill of exceptions the only matters properly of record are the pleadings and judgment roll. By section 2000, Compiled Laws, the only pleadings allowed in mandamus are writ and answer. Perez v. Barber, supra.

FALL, J.—This cause comes here by writ of error from the Fifth district. Plaintiff in error sued out an alternative writ of mandamus against defendant to compel the latter, as treasurer of Socorro county, to pay out of the court fund of said county the amount of a warrant drawn by the county commissioners against said fund in favor of relator, as assessor. The warrant was upon the court fund, but did not specify that the indebtedness to the relator accrued by reason of the performance of his duties as assessor in connection with this particular fund, nor is it shown anywhere in the record before us by reason of what particular service the indebtedness did accrue. The peremptory writ was refused, and plaintiff brings error.

Defendant in error objects to the consideration of this cause for the reason that under Perez v. Barber (decided by this court at the last session), 7 N. M. 223, there having been no motion for a new trial in the court below, and no bill of exceptions, there is not sufficient matter before the court upon which to predicate a decision. This court has, at the present session, expressed its disapproval of the ruling at the last term in the case cited, by granting the motion for rehearing in said cause, which is now pending. However, the only pleadings in this case, which can be considered, are the writ and answer. It would be necessary to bring the petition and copy of the order of the board of county commissioners here by bill of exception unless the petition and order had in terms been made a part of the writ.

It is urged upon us that the question here sought to be presented is of importance to every county in the territory, and involves the construction of the statutes of the territory, and particularly chapter 61 of the Laws of 1893. We have no hesitancy in saying that the court fund provided under the provisions of that act is a particular fund of the county; that the assessor

and collector are entitled to their commissions for the assessment and collection of that fund, to be paid out of the same upon warrant drawn thereon by the board of county commissioners, the warrant to specify upon what account the indebtedness accrued, as well as the fund from which it is to be paid; the balance of said fund to form a court fund to be distributed upon warrants drawn by the district clerk by order of the judge. The record before us does not show, however, that the warrant indicated upon its face upon what account the indebtedness arose, and respondent distinctly raises this objection in his answer. We are of the opinion the treasurer was justified in refusing payment of said warrant, and can see no error in the order of the lower court in denying the peremptory writ. Judgment below affirmed.

SMITH, C. J., and COLLIER and LAUGHLIN, JJ., concur.